[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14974

_____

D. C. Docket Nos.
07-01455-CV-WSD-1
05-12515-BKC-CR

In Re:  ALLIED HOLDING, INC.,


Debtor.

_____

VIRTUS CAPITAL LP,
HAWK OPPORTUNITY FUND, L.P.,


                                                      Plaintiffs-Appellants,


                          versus


ALLIED HOLDING, INC.,
TEAMSTERS NATIONAL AUTOMOBILE TRANSPORTATION
        INDUSTRY NEGOTIATING COMMITTEE,
YUCAIPA AMERICAN ALLIANCE FUND I, LP,
YUCAIPA TRANSPORT, LLC,


                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(August 27, 2008)**

Before WILSON and PRYOR, Circuit Judges, and MIDDLEBROOKS,[*] District
Judge.

PER CURIAM:

Allied Holding filed for voluntary bankruptcy pursuant to Chapter 11 of the
Bankruptcy Code, 11 U.S.C. § 301, on July 31, 2005.  Virtus Capital and Hawk
Opportunity Fund are shareholders of Allied, whose shares were deemed worthless
by Allied's Plan of Reorganization (the "Plan").

The bankruptcy court confirmed the Plan on May 18, 2007.  Three days
later, Virtus and Hawk appealed the bankruptcy court's order to the district court.
They did not seek a stay with the bankruptcy court until June 25, 2007.  The stay
was denied, and Virtus and Hawk failed to request a stay with the district court.
On September 29, 2007, the district court dismissed their appeal as equitably moot,
finding that the Plan had been "substantially consummated" and that third parties
had acted in substantial reliance on it.  Upon careful review of the record and the

---

[*] Honorable Donald M. Middlebrooks, United States District Judge for the Southern
District of Florida, sitting by designation.

2

parties' briefs, and after hearing oral argument, we affirm.

Considering all the circumstances, we agree with the district court that the Plan has been so substantially consummated that effective relief is no longer available. Several major transactions have already been executed pursuant to the Plan. If Virtus and Hawk were granted cash or shares in the reorganized Allied, or if the Plan's release provision were invalidated, such relief would undermine the reasonable expectations of the stockholders and creditors who carefully negotiated and relied on the deal struck by the Plan. Accordingly, Virtus and Hawk's appeal is equitably moot. *See In re Club Assocs.*, 956 F.2d 1065, 1069 (11th Cir. 1992).

AFFIRMED.